**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Trustees of the Chicago Painters and )
Decorators Pension, Health and Welfare )
and Deferred Savings Plan Trust Funds, )  No. 08 C 1319
)
Plaintiff, )
v. )  Judge Darrah
)
Longshore/Daly, Inc., an Illinois corporation,)
)
Defendant. )

### Answer to Complaint

NOW COMES the Defendant, Longshore/Daly, Inc. ("Longshore"), an Illinois corporation, by its attorneys, Anderson & Moore, P.C. and for its answer to Plaintiffs' Complaint, states as follows:

### Count I
### Jurisdiction and Venue

**Complaint No. 1:**

This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331.

**Answer:**

Admit.

**Complaint No. 2:**

The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs Funds are administered here in this judicial district.

**Answer:**

Admit.

**The Parties**

**<u>Complaint No. 3:</u>**

The Plaintiffs are the Trustees of the Chicago Painters and Decorators Pension, Welfare, Savings, Apprenticeship, Scholarship, and Joint Cooperation Trust Funds ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

**<u>Answer:</u>**

Admit.

**<u>Complaint No. 4:</u>**

The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements.

**<u>Answer:</u>**

Admit.

**<u>Complaint No. 5:</u>**

The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

**<u>Answer:</u>**

Admit.

**<u>Complaint No. 6:</u>**

Defendant **LONGSHORE/DALY, INC. ("LONGSHORE")** is an Illinois corporation, and an employer engaged in an industry affecting commerce. On or about **November 18, 1999, LONGSHORE** by and through its president, **JOHN LONGSHORE** entered into a Collective Bargaining Agreement with the Union ("Labor Agreement") whereby **LONGSHORE** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the agreement is attached as Exhibit "1."

2

**Answer:**

    Admit.

**The Agreements**

**Complaint No. 7:**

    Pursuant to the provisions of the Labor Agreement, **LONGSHORE** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the labor Agreement and the Trust Agreements. In addition, **LONGSHORE** is required by make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

**Answer:**

    Admit.

**Complaint No. 8:**

    Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **LONGSHORE** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **LONGSHORE** is in compliance with its obligation to contribute to the Funds.  In addition, the Labor Agreement and the Trust Agreements require **LONGSHORE** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

**Answer:**

    Deny that such agreements require the described payments unless they are reasonable and

related to funds owned.

**The Claim**

**Complaint No. 9:**

    **LONGSHORE** has breached the provisions of the Labor Agreement and Trust Agreements by failing to submit reports and contributions to the Funds for the period from **October, 2007 to the present.**

**Answer:**

Deny.

**Complaint No. 10:**

Pursuant to the provisions of the Labor Agreement and Trust Agreements, **LONGSHORE** is required to pay liquidated damages, auditor fees and all attorneys' fees and court costs incurred by the Funds in the collection process.

**Answer:**

Deny that such agreements require the described payments unless they are reasonable and

related to the funds owed.

**Complaint No. 11:**

Plaintiffs have complied with all conditions precedent in bringing this suit.

**Answer:**

Defendant Longshore has insufficient information to either admit or deny the allegations set

forth in Paragraph 11 of the Complaint.

**Complaint No. 12:**

Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **LONGSHORE.**

**Answer:**

Admit.

**Complaint No. 13:**

**LONGSHORE** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(D).

**Answer:**

Admit.

**Complaint No. 14:**

Pursuant to 29 U.S.C. Section 1132(g)(2)(c), Plaintiffs are entitled to an amount equal to the greater of:

    (i)      interest on the unpaid contributions; or,

    (ii)     liquidated damages provided for under the rust Agreements not in excess of 20% of the amount that is due.

**Answer:**

Admit.

**Relief Sought**

WHEREFORE, Plaintiffs pray for relief as follows:

A.      That **LONGSHORE** be ordered to produce its reports and contributions for the period from **October, 2007 through the present;**

B.      That **LONGSHORE** be ordered to produce its books and records for a fringe benefit audit for the period **November 18, 1999 through the present;**

C.      That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, togther with liquidated damages in the amount of 20%, all as provided in the Labor Agreement and Trust Agreements and 29 U.S.C. Section 1132(g);

D.      That **LONGSHORE** be enjoined from violating the terms of the Labor Agreement and Trust Agreements by failing to make timely payments to the Funds and to be ordered to resume making those payments.

E.      That this Court retain jurisdiction of this matter to supervise enforcement of any resulting judgment and further supplementary proceedings against **LONGSHORE;** and,

F.      That this Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

**Answer:**

Defendant Longshore/Daly, Inc. respectfully requests a dismissal of Plaintiff's complaint.

Respectfully Submitted,


/s/ Thomas S. Moore
One of the Attorneys for
Longshore/Daly, Inc.


Thomas S. Moore
Jane F. Anderson
Anderson & Moore, P.C.
111 W Washington
Suite 1100
Chicago, IL   60602
(312) 251-1500


**Certificate of Service**

I hereby certify that on April 30, 2008, I electronically filed the Answer to Plaintiffs'

Complaint on behalf of Longshore/Daly, Inc. with the Clerk of Court using the CM/ECF system

which will send notification of such filing to the following:

Donald D Schwartz
James R. Anderson
Anthony B. Sanders
Arnold and Kadjan
19 West Jackson Blvd, Suite 300
Chicago, IL   60604

Respectfully Submitted:

/s/ Thomas S. Moore
Anderson & Moore, P.C.
111 West Washington Street
Suite 1100
Chicago, IL   60602